UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY STOCKTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>T. BILLINGS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.　1:10-cv-00757-GBC (PC)<br><br>COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

### SCREENING ORDER

**I.　PROCEDURAL HISTORY**

Plaintiff Percy Stockton ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation, and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 30, 2010 and consented to Magistrate Judge jurisdiction on May 17, 2010. (ECF Nos. 1 & 5.)  No other parties have appeared.  Plaintiff's Complaint is now before this Court for screening.

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II. **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

////
/////

### III. **SUMMARY OF COMPLAINT**

Plaintiff appears to be arguing that Defendants violated his due process rights by not giving him a copy of his prison file. Plaintiff names the following individuals as Defendants: T. Billings, Appeals Coordinator; J. Flory, Corrections Counselor 1; N. Grannis, Chief Inmate Appeals; C. Pfeiffer, Appeals Coordinator; Two KVSP Unknown CCIs; and W. Adams, CCII.

Plaintiff alleges the following: Plaintiff filed 602 grievances and other paperwork requesting a copy of his entire prison file. In one of the response received, Plaintiff was directed to file an appeal with the Records department and not his CCI because the CCI did not have authority to access the file. In another response, Plaintiff was told that his file was too large and that, pursuant to CDCR regulations, it would take up more space than he is allowed for paperwork. Finally, several responses stated that Plaintiff had not followed the appeal procedures and that the appropriate time to file a grievance/appeal had lapsed.

Plaintiff seeks the right to have his prison file copied, a reprimand for Defendants, court costs, copies of his file, and due process damages.

### IV. **ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

3

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.     Copies of Prison File

Plaintiff appears to be making a due process argument. The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to prevail on a claim of deprivation of due process, a plaintiff must first establish the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source–such as state law–and which secure certain benefits and support claims of entitlement to those benefits. See id.

Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question "is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405.

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Conner, 515 U.S. 472, 481-84 (1995). In

4

doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84.

Plaintiff claims that Defendants improperly denied him copies of the documents from his prison file. This simply does not state a cognizable federal due process claim. Plaintiff does not cite any authority, and the Court is aware of none, that holds that prisoners have a protected liberty interest in being given copies of documents from their prison files. While In re Olson, 37 Cal.App.3d 783, 112 Cal.Rptr. 579 (1st Dist. 1974), may confer a right under state law to review documents, that case does not create any protected liberty interest in receiving copies of documents.

The Court finds that refusal to provide copies of documents in Plaintiff's file does not meet either of the above described Sandin requirements. Specifically, the refusal neither restrained Plaintiff's freedom nor imposed an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483-84. Thus, this claim fails. Plaintiff is granted leave to amend to attempt to state such a claim.

**B.    Appeal Process**

Plaintiff appears to be alleging that Defendants mishandled his grievances and appeals.

Defendants' actions in responding (or failing to respond) to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. Interests protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27

5

(1976). There is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). However, California Code of Regulations, title 15 section 3084 et seq. grants state prisoners the right to a prison appeals process. The regulations are purely procedural—they require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards. Instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely sets procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Accordingly, a prison official's failure to process grievances, without more, is not actionable under Section 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez, 334 F.3d at 860 (prisoner's claimed loss of liberty interest in processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").

Plaintiff repeatedly states that his grievances were mishandled and, perhaps,

6

screened out of the appeal process. However, Plaintiff fails to highlight the protected liberty interest and what creates it. As stated above, prisoners do not have any stand alone due process right to certain appeal processes in the administrative grievance procedure. Thus, Plaintiff has failed to state a due process claim. The Court will grant him leave to amend and attempt to state such a claim.

### C.  Olson Review

Plaintiff makes a statement about being directed to request an Olson review[1] and then being denied his request. The Court is unclear as to what Plaintiff is alleging here. But the Court would note that Plaintiff does not have any federal constitutional right to an Olson review. Johnson v. Avenal State Prison Warden, 2007 WL 135678, *4 (E.D.Cal. Jan. 16, 2007.)

### D.  Personal Participation and Supervisory Liability

As currently pleaded the Defendants' conduct does not appear to be unconstitutional.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id.

---

[1] An Olson review is "an administrative procedure which allows an inmate to review his central file." James v. Scribner, 2010 WL 2605634, *1 (E.D.Cal. Jun. 28, 2010).

7

at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

Plaintiff has not alleged facts demonstrating that any of the named Defendants personally acted to violate his rights. Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

### E. Doe Defendants

Plaintiff names Two Unknown CCIs as Defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that John Doe defendants can not be served by the United States Marshal until he has identified them as actual individuals and amended his complaint to substitute the Defendants' actual named. The burden remains on Plaintiff to promptly discover the full name of Doe Defendants; the Court will not undertake to investigate the names and identities of unnamed defendants. Id. The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient identification.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:


1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-757-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   April 15, 2011

_____
UNITED STATES MAGISTRATE JUDGE